The Honorable Bobby Hogue State Representative P.O. Box 97 Jonesboro, Arkansas 72403-0097
Dear Representative Hogue:
This opinion is being issued in response to your recent question regarding Act 173 of 1995, which requires persons and entities holding themselves out to the public as being alcohol and drug abuse treatment programs to be licensed by the Bureau of Alcohol and Drug Abuse Prevention. The act sets a licensing fee.
You have presented the following questions:
 (1) If a person is a licensed social worker and a certified substance abuse counselor, is that person exempt from the licensing requirements of Act 173 of 1995
under Section 4 of the act?
 (2) Can that person be issued a license without a fee under the provisions of Section 12 of the act?
RESPONSE
Question 1 — If a person is a licensed social worker and a certifiedsubstance abuse counselor, is that person exempt from the licensingrequirements of Act 173 of 1995 under Section 4 of the act?
It is my opinion that a person who is a licensed social worker is exempt from the licensing and licensing fee requirements of Act 173 of 1995, pursuant to the provisions of Section 4 of the act. Section 4 states:
SECTION 4. Exemptions.
 The following programs and persons are exempted from the requirements of this act:
* * *
 (b) Members of the clergy, Christian Science practitioners, and licensed professionals such as
physicians, nurses, psychologists, counselors, social workers, psychological examiners, school counselors, substance abuse counselors, and attorneys working within the standards of their respective professions.
Acts 1995, No. 173, § 4 (emphasis added).
The quoted language provides an explicit exemption for licensed social workers. I therefore conclude that licensed social workers need not comply with the licensing and licensing fee requirements ofAct 173 of 1995.
The exemption language is not as clear as to "certified substance abuse counselors." While a "licensed" substance abuse counselor is clearly exempt from the requirements of the act, there is some question as to whether a certificate will be considered the equivalent of a license, so as to provide for the exemption. It appears that the person on whose behalf you have inquired into this matter is both a licensed social worker and a certified substance abuse counselor, and therefore has an available exemption, regardless of the intended meaning of the term "certificate."
Question 2 — Can that person be issued a license without a fee under theprovisions of Section 12 of the act?
It is my opinion that the licensed social worker and certified substance abuse counselor can be issued a license without a fee under the provisions of Section 12 of the act only in the unlikely event that that person was, immediately before the effective date of Act 173, accredited under the provisions of A.C.A. § 20-64-901 et seq.
Section 12 of Act 173 states:
 A person who immediately before the effective date of this act was accredited to establish, conduct, manage, or operate an alcohol and drug abuse treatment program pursuant to Arkansas Code § 20-64-901 et seq., shall be issued a license under this act without a fee. The license shall be subject to be renewed at the time that the accreditation would have been due for renewal.
Acts 1995, No. 173, § 12.
In order to be eligible to be issued a license without a fee underAct 173 of 1995, one must have been accredited under A.C.A. § 20-64-901 etseq.
It is unlikely that a licensed social worker would have been accredited under A.C.A. § 20-64-901 et seq., because the provisions of A.C.A. §20-64-906 exempted licensed social workers from the accreditation requirement of those statutory sections. Nevertheless, if for some reason, the licensed social worker obtained accreditation (and held it immediately before the effective date of Act 173 of 1995) notwithstanding his or her exemption from the requirement of doing so, that licensed social worker would then be eligible to be issued a license without a fee, pursuant to the provisions of Section 12 of Act 173 of 1995.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh